Davis, P. J.
This action was brought to recover the possession of divers goods and merchandise alleged to have been fraudulently purchased by defendants Steinan, from plaintiffs. The goods were to be shipped from Europe to the Steinans. This was done and they were taken from the custom house by the Steinans, shortly before their making an assignment for the benefit of their creditors to the defendant Max •Scheuer. Under the assignment the goods passed into the possession of the assignee, from whom they were taken in this action and delivered to plaintiffs.
The question of fact for the jury related to the alleged purchase with knowledge of insolvency and with intent not to pay for the same. The evidence was conflicting and the question was submitted to the jury by the learned judge fairly and impartially and with correct instructions as to the law governing the case. If the jury had found for the defendants we should not have felt at liberty to interfere with the verdict; and we do not think notwithstanding the ingenious argument for the appellants, that we are called upon to disturb the verdict. Nothing seems to be presented by the case so far as relates to this branch of the appeal, but the question of fact disposed of by the jury. We think on that question the judgment must be affirmed.
Another question arises upon the case and an order of the court disposing of certain moneys paid by the plaintiffs into court after tender to the assignee and his refusal to accept the same. The facts affecting that question are these. The goods arrived at the custom house in New York shortly before the assignment. The defendants, Steinan, paid the duties on them which were $439.75 and put them in stock, where they were when the assignment was made to the defendant Max Scheuer. They came under the assignment into the possession of the assignee, whose duty it was to receive them and defend his possession if the alleged frauds were denied by his assignors. The plaintiffs under the proceedings in the action took possession of the whole of the goods, and by the verdict have established their right to them with six cents damages for detention and the costs of the suit. By their .complaint they allege the payment of the duties by the defendant and a tender of the payment of such duties to the assignee on a demand of the goods and notice of the rescission of the contract.
The evidence shows that they made a tender of the amount paid for duties and brought the amount into court for the purpose of making the tender good. Under the case of Guckenheimer v. Angevine (81 N. Y., 394) they need not have done this, but could have recovered without tender, as the court held in that case that the reimbursement of the tax (or duty) was not a necessary element in rescis *629 sion of the contract. The defendant in that case had sold the whiskey, and the verdict against him was for the amount at which he had sold it. This presumably embraced the enhanced value by the payment of the tax, and he had no occasion to complain, as the verdict subjected him to pay only what he had actually received.
In this case the plaintiffs get possession of the entire property, and of course have its full value as enhanced by the payment of duties. If they had chosen their ground on the principle of the case above cited, they would have been entitled to the verdict they have irrespective of any question touching the duties paid. But we think they have fixed their rights by taking quite another ground. They assert their right to rescind in their complaint only on payment of the duties to the assignee. They plead their tender made to him, and subsequently bring the money into court to keep the tender good. This course acknowledges the right of the assignee to the money tendered and fixes the rights of the respective parties. The recovery and judgment have proceeded according to such rights. The effect of a tender and payment of money into court is a concession of record that the party to whom tender is made is entitled to the amount in any event. 1 Saunders, 33, n. Z; 2 Arch. Pr., 203; Slack v. Brown, 13 Wend., 390, 394.
We do not see why the assignee was not entitled to the money in court. The plaintiffs were not at liberty to go back upon their own concessions of record, even if grounded upon mistake' of law. The court could have directed the costs of the action to be paid out of the money in court and the balance paid to the assignee.
The order should be reversed and an order to that effect made, without costs of the appeal from the order, to either party.
Brady, J., concurs.